UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                :
GEORGE STOKES,                  :
                                :
          Plaintiff,            :    Civ. No. 19-20414 (NLH) (JS)
                                :
     v.                         :         OPINION
                                :
INTERNAL AFFAIRS SECTION,       :
et al.,                         :
                                :
          Defendants.           :
_____:
```

APPEARANCE:
George Stokes
260218
Atlantic County Jail
5060 Atlantic Ave.
Mays Landing, NJ 08330
Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff George Stokes, an inmate presently incarcerated

at the Atlantic County Jail in Mays Landing, New Jersey, seeks

to bring this civil action in forma pauperis, without prepayment

of fees or security, asserting a claim pursuant to the 42 U.S.C.

§ 1983. See ECF Nos. 1 (Complaint), 1-1 (IFP application).

    Pursuant to Local Civil Rule 54.3, the Clerk shall not be

required to enter any suit, file any paper, issue any process,

or render any other service for which a fee is prescribed,

unless the fee is paid in advance.  Under certain circumstances,

however, this Court may permit an indigent plaintiff to proceed

in forma pauperis.

The entire fee to be paid in advance of filing a civil complaint is $400.  That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400.  A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee.  A prisoner who is denied in forma pauperis status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

Title 28, section 1915 of the United States Code establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.  Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period.  Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the filing fee, in

installments, as follows.  28 U.S.C. § 1915(b)(1).  In each

month that the amount in the prisoner's account exceeds $10.00,

until the filing fee is paid, the agency having custody of the

prisoner shall assess, deduct from the prisoner's account, and

forward to the Clerk of the Court an installment payment equal

to 20% of the preceding month's income credited to the

prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his

Complaint that he must pay the filing fee, and that even if the

full filing fee, or any part of it, has been paid, the Court

must dismiss the case if it finds that the action: (1) is

frivolous or malicious; (2) fails to state a claim upon which

relief may be granted; or (3) seeks monetary relief against a

defendant who is immune from such relief.  28 U.S.C. §

1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. §

1915A (dismissal of actions in which prisoner seeks redress from

a governmental defendant).  If the Court dismisses the case for

any of these reasons, § 1915 does not suspend installment

payments of the filing fee or permit the prisoner to get back

the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while

incarcerated, brought in federal court an action or appeal that

was dismissed on the grounds that it was frivolous or malicious,

or that it failed to state a claim upon which relief may be

granted, he cannot bring another action in forma pauperis unless

he is in imminent danger of serious physical injury.  28 U.S.C.

§ 1915(g).

In this action, Plaintiff seeks to proceed in forma

pauperis.  See ECF No. 1-1 (IFP application).  The account

statement provided by Plaintiff does not comply with 28 U.S.C. §

1915(a)(2) because it is does not cover the six-month period

immediately preceding the filing of the complaint.  Plaintiff's

account statement is dated March 28, 2019.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will

be ordered to administratively terminate this action, without

filing the Complaint or assessing a filing fee.[1]  The Clerk will

be directed to reopen the matter once Plaintiff submits a new

application.  An appropriate Order follows.

Dated: <u>November 25, 2019</u>           <u> s/ Noel L. Hillman </u>
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for
purposes of the statute of limitations, and if the case is re-
opened pursuant to the terms of the accompanying Order, it is
not subject to the statute of limitations time bar if it was
originally submitted timely.  See Houston v. Lack, 487 U.S. 266
(1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc.
Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases
and explaining that a District Court retains jurisdiction over,
and can re-open, administratively closed cases).