**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GEORGE STOKES,** | No. 19-cv-20414 (NLH) (JS) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **INTERNAL AFFAIRS SECTION, et al.,** | |
| **Defendants.** | |

APPEARANCE:
George Stokes, 260218
Atlantic County Jail
5060 Atlantic Ave.
Mays Landing, NJ 08330
    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff George W. Stokes, presently incarcerated in the Atlantic County Jail in Mays Landing, New Jersey, seeks to bring a complaint under 42 U.S.C. § 1983 against several Atlantic City and Atlantic County officials for an illegal search that allegedly took place on July 7, 2017 as the result of an alleged long-standing policy regarding walkthroughs in Atlantic City rooming houses. See ECF No. 1.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

1

For the reasons set forth below, the Court will dismiss the Complaint with prejudice. 28 U.S.C. § 1915(e)(2)(b)(ii).

I. BACKGROUND

Plaintiff alleges that Atlantic City has a long-standing policy of permitting police officers to have keys to Atlantic City rooming houses where they conduct illegal walkthroughs of the buildings. He states that he was in his room at the Fox Manor Hotel on July 7, 2017 when members of the Special Investigation Section entered his room while he was sleeping. ECF No. 1 at 20. He alleges they conducted an illegal search of his room and was charged with possession of cocaine and conspiracy and was released on a summons. Id. at 22. Plaintiff further alleges he was "propositioned" by one of the officers who then offered to not charge him with more offenses if Plaintiff did not report the harassment to Internal Affairs. Id. at 21-22.

Plaintiff filed complaints with the Atlantic City Police Department and Atlantic County Prosecutor's Office after the events. Id. at 22.

II. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon

2

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and is incarcerated.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

Plaintiff raises claims of illegal search and seizure under the Fourth Amendment. Plaintiff claims, as pled, are barred by the statute of limitations.

"Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious

3

from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte . . . for failure to state a claim." <u>Ostuni v. Wa Wa's Mart</u>, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam). Section 1983 complaints are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. <u>See</u> <u>Wilson v. Garcia</u>, 471 U.S. 261, 276 (1985); <u>Dique v. New Jersey State Police</u>, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" <u>Montanez v. Sec'y Pa. Dep't of Corr.</u>, 773 F.3d 472, 480 (3d Cir. 2014) (quoting <u>Kach v. Hose</u>, 589 F.3d 626, 634 (3d Cir. 2009)).

Plaintiff's illegal search and seizure claims, as well as any false arrest claims, accrued on the date of the search: July 7, 2017. <u>See</u> <u>Woodson v. Payton</u>, 503 F. App'x 110, 112 (3d Cir. 2012) (holding statute of limitations began on date when plaintiff "indisputably knew about the alleged faults of search and seizure"); <u>Singleton v. DA Philadelphia</u>, 411 F. App'x 470, 472 (3d Cir. 2011) (noting claim for false arrest accrues on date of arrest). Plaintiff's complaint was due on July 8, 2019 at the latest.[1] He did not submit his complaint until November

---

[1] July 7, 2019 was a Sunday. Fed. R. Civ. P. 6(a)(1)(C).

4

2019.  ECF No. 1.  As there are no grounds for equitable tolling,[2] these claims are dismissed with prejudice as barred by the statute of limitations.  Ostuni v. Wa Wa's Mart, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  As the complaint is barred by the statute of limitations and no equitable tolling principles apply, the Court finds that amendment would be futile.  Leave to amend will be denied.

CONCLUSION

For the reasons stated above, the Complaint will be dismissed with prejudice for failure to state a claim.  An appropriate order follows.

Dated: January 15, 2020             __s/ Noel L. Hillman_____
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

---

[2] Although the Court may toll, or extend, the statute of limitations in the interests of justice, tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of his cause of action, there are no extraordinary circumstances that prevented him from filing the claim, and there is nothing to indicate he filed the claim on time but in the wrong forum.  Omar v. Blackman, 590 F. App'x 162, 166 (3d Cir. 2014).  Plaintiff submitted Internal Affairs complaints and wrote to the Mayor of Atlantic City, indicating that he was aware he had a claim based on the events of July 7, 2017.  ECF No. 1 at 19.