UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GEORGE STOKES,

       Plaintiff,

    v.

INTERNAL AFFAIRS SECTION, et al.,

       Defendants.

No. 19-cv-20414 (NLH) (JS)


OPINION

APPEARANCE:

George Stokes, 260218
Atlantic County Jail
5060 Atlantic Ave.
Mays Landing, NJ 08330

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff George W. Stokes, presently incarcerated in the Atlantic County Jail in Mays Landing, New Jersey, filed a complaint under 42 U.S.C. § 1983 against several Atlantic City and Atlantic County officials for an illegal search that allegedly took place on July 7, 2017 as the result of an alleged long-standing policy regarding walkthroughs in Atlantic City rooming houses.  See ECF No. 1.

    The Court reviewed the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and determined that Plaintiff was barred by the statute of limitations and therefore had failed to state a claim, 28 U.S.C. § 1915(e)(2)(ii).  See ECF No. 7.  Plaintiff

1

subsequently filed a letter with the Court asking to reopen his case.  ECF No. 9.  The Court construes this as a motion for reconsideration.

For the reasons set forth below, the motion for reconsideration is denied.

I.   BACKGROUND

Plaintiff alleged that Atlantic City has a long-standing policy of permitting police officers to have keys to Atlantic City rooming houses where they conduct illegal walkthroughs of the buildings.  His complaint alleged that he was in his room at the Fox Manor Hotel on July 7, 2017 when members of the Special Investigation Section entered his room while he was sleeping.  ECF No. 1 at 20.  He stated they conducted an illegal search of his room, charged him with possession of cocaine and conspiracy, and released him on a summons.  Id. at 22.  Plaintiff further alleged he was "propositioned" by one of the officers who then offered to not charge him with more offenses if Plaintiff did not report the harassment to Internal Affairs.  Id. at 21-22.  Plaintiff filed complaints with the Atlantic City Police Department and Atlantic County Prosecutor's Office after the events.  Id. at 22.

On January 15, 2020, the Court held that Plaintiff's illegal search and seizure claims, as well as any false arrest claims, accrued on the date of the search: July 7, 2017.  ECF

No. 6 at 4 (citing <u>Woodson v. Payton</u>, 503 F. App'x 110, 112 (3d Cir. 2012); <u>Singleton v. DA Philadelphia</u>, 411 F. App'x 470, 472 (3d Cir. 2011)).  Because Plaintiff submitted his complaint more than two years after his claim accrued, the complaint was barred by the statute of limitations for § 1983 actions.  <u>Id.</u> at 5. The complaint was dismissed with prejudice.  ECF No. 7.

Plaintiff submitted a letter dated April 7, 2020 asking the Court to reopen his case.  ECF No. 9.  He states "2017, I was arrested on July 7th inside a hotel located in Atlantic City. Then December 6, 2017, I was rearrested and all charges was placed under one indictment."  <u>Id.</u> at 1-2.  He argues he did not "factor in the actual day I was arrested on July 7, 2017."  <u>Id.</u> at 2.

II.  <u>STANDARD OF REVIEW</u>

A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  <u>Johnson v. Diamond State Port Corp.</u>, 50 F. App'x 554, 560 (3d Cir. 2002) (quoting <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999)). Local Rule 7.1 provides that motions to reconsider shall be filed within fourteen (14) days from the date of the entry of

the order or judgment to be reconsidered unless otherwise provided by statute.  See D.N.J. Loc. R. 7.1.

III. DISCUSSION

The Court denies the motion for reconsideration first because it is untimely.  The order dismissing the complaint was entered on January 16, 2020.  ECF No. 7.  Petitioner had until January 30, 2020 to file a timely motion for reconsideration. D.N.J. Loc. R. 7.1.  The motion is untimely even giving Plaintiff the benefit of Federal Rule of Civil Procedure 59(e)'s 28-day period to file a motion to alter or amend a judgment, as that would make Plaintiff's motion due February 13, 2020.

Moreover, Plaintiff has not set forth a valid basis for reconsideration.  "The general rule for statutes of limitations is that they 'begin[] to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations.'"  Zafarana v. Pfizer, Inc., 724 F. Supp. 2d 545, 553 (E.D. Pa. 2010) (quoting Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983)) (alteration in original).  Plaintiff's mistake as to when his claim accrued does not warrant reconsideration.

4

CONCLUSION

     For the reasons stated above, the motion for

reconsideration is denied.  An appropriate order follows.


Dated: _April 15, 2020          __s/ Noel L. Hillman_____
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.