```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| **GEORGE STOKES,** | No. 19-cv-20414 (NLH) (JS) |
| **Plaintiff,** | |
| v. | OPINION |
| **INTERNAL AFFAIRS SECTION, et al.,** | |
| **Defendants.** | |

APPEARANCE:

George Stokes, 260218
Atlantic County Jail
5060 Atlantic Ave.
Mays Landing, NJ 08330

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff George W. Stokes, presently incarcerated in the Atlantic County Jail in Mays Landing, New Jersey, filed a complaint under 42 U.S.C. § 1983 against several Atlantic City and Atlantic County officials for an illegal search that allegedly took place on July 7, 2017 as the result of an alleged long-standing policy regarding walkthroughs in Atlantic City rooming houses.  See ECF No. 1.

    The Court reviewed the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and determined that Plaintiff was barred by the statute of limitations and therefore had failed to state a claim, 28 U.S.C. § 1915(e)(2)(ii).  See ECF No. 7.  On April 7,

1

2020, Plaintiff submitted a letter asking the Court to reopen his case.  ECF No. 9.  Construing the letter as a motion for reconsideration, the Court denied the request.  ECF No. 11.

Plaintiff has now filed a second motion for reconsideration, arguing that he has just obtained evidence that purportedly demonstrates the officers violated New Jersey's Wiretap Act before arresting him.  ECF No. 12 at 2.  For the reasons set forth below, the second motion for reconsideration will be denied.

I.    BACKGROUND

Plaintiff alleged that Atlantic City has a long-standing policy of permitting police officers to have keys to Atlantic City rooming houses where they conduct illegal walkthroughs of the buildings.  His complaint alleged that he was in his room at the Fox Manor Hotel on July 7, 2017 when members of the Special Investigation Section entered his room while he was sleeping.  ECF No. 1 at 20.  He stated they conducted an illegal search of his room, charged him with possession of cocaine and conspiracy, and released him on a summons.  Id. at 22.  Plaintiff further alleged he was "propositioned" by one of the officers who then offered to not charge him with more offenses if Plaintiff did not report the harassment to Internal Affairs.  Id. at 21-22.  Plaintiff filed complaints with the Atlantic City Police

Department and Atlantic County Prosecutor's Office after the events. Id. at 22.

On January 15, 2020, the Court held that Plaintiff's illegal search and seizure claims, as well as any false arrest claims, accrued on the date of the search: July 7, 2017. ECF No. 6 at 4 (citing Woodson v. Payton, 503 F. App'x 110, 112 (3d Cir. 2012); Singleton v. DA Philadelphia, 411 F. App'x 470, 472 (3d Cir. 2011)). Because Plaintiff submitted his complaint more than two years after his claim accrued, the complaint was barred by the statute of limitations for § 1983 actions. Id. at 5. The complaint was dismissed with prejudice for failure to state a claim. ECF No. 7.

On April 7, 2020, Plaintiff submitted a letter asking the Court to reopen his case. ECF No. 9. The Court construed it as a motion for reconsideration and held that the motion was out of time and meritless. ECF No. 11. Undeterred, Plaintiff filed a second motion for reconsideration arguing that he obtained "new evidence" indicating that the officers violated New Jersey's Wiretap Act before arresting him. ECF No. 12 at 2.

II. STANDARD OF REVIEW

A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order;

3

or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Local Rule 7.1 provides that motions to reconsider shall be filed within fourteen (14) days from the date of the entry of the order or judgment to be reconsidered unless otherwise provided by statute. See D.N.J. Loc. R. 7.1.

III. DISCUSSION

The Court will deny the second motion for reconsideration for substantially the same reasons as it denied the first. Motions for reconsideration must be filed with 14 days under the Local Rules. Plaintiff states he received the "new evidence" 60 days prior to filing his current motion. ECF No. 12 at 2. Therefore, the motion would be untimely even giving Plaintiff the benefit of Federal Rule of Civil Procedure 59(e)'s 28-day period to file a motion to alter or amend a judgment.[1]

Moreover, Plaintiff has once again not set forth a valid basis for reconsideration. The "new evidence" of the affidavits setting forth the alleged wiretapping that precipitated the

---

[1] The Court also notes that Plaintiff mailed his motion on May 1, 2020, making the date he purportedly received the new evidence March 2, 2020. This was before he submitted his first request to reopen the case on April 9, 2020. ECF No. 9. There seems to be no reason Plaintiff did not include his current argument in his prior motion for reconsideration.

4

arrest does not change the fact that Plaintiff would have known he had false arrest and illegal search and seizure claims on July 7, 2017.[2]  Plaintiff filed complaints with the Atlantic City Police Department and Atlantic County Prosecutor's Office after the incident, see ECF No. 1 at 22, which indicates he knew he had claims against the officers.

Accordingly, Plaintiff's motion for reconsideration will be denied, and the Court will not permit any further motions for reconsideration of the dismissal of these claims.

CONCLUSION

For the reasons stated above, the motion for reconsideration will be denied.  An appropriate order follows.


Dated: May 19, 2020                    __s/ Noel L. Hillman_____
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.

---

[2] Evidence that could have been discovered earlier through the exercise of due diligence does not constitute newly discovered evidence for reconsideration purposes. See Compass Tech., Inc. v. Tseng Labs., Inc., 71 F.3d 1125, 1130 (3d Cir. 1995). Plaintiff's criminal case has been proceeding for over two years. ECF No. 12 at 1-2.  Plaintiff offers no explanation for why the affidavits in support of his arrest could not have been discovered earlier through the exercise of due diligence by him or his attorney.

5